UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

GARY E. SUTTON,                              )
                                             )
                 Petitioner,                 )
                                             )          Case No. 1:08CV175RWS
        v.                                   )
                                             )
UNITED STATES OF AMERICA,                    )
                                             )
                 Respondent.                 )

**MEMORANDUM AND ORDER**

        This matter is before me on Petitioner Gary Sutton's motion pursuant to 28 U.S.C. § 2255

to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody alleging his Sixth

Amendment right to counsel, Fifth Amendment Due Process, Second Amendment right to bear

arms, and Sixth Amendment right to a jury were violated. For the reasons set forth below, I will

deny the motion.

**I.      Background**

        On April 6, 2006, Sutton was indicted by a grand jury in a three count indictment. In

Count I, Sutton was indicted under 18 U.S.C. §§ 922(g)(1), 924(e) for possessing .243 caliber

ammunition and .380 caliber ammunition in and affecting interstate commerce and having

previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

In Count II, Sutton was indicted under 18 U.S.C. §§ 922(g)(1), 924(e) for possessing three 12

gauge shotguns, a .22 caliber rifle, and 12 gauge shotgun ammunition in and affecting interstate

commerce and having previously been convicted of a crime punishable by a term of

imprisonment exceeding one year. In Count III, Sutton was indicted under 18 U.S.C. §§

922(g)(1), 924(e) for possessing a .30-30 caliber rifle and .22-250 caliber bolt action rifle in and affecting interstate commerce and having previously been convicted of a crime punishable by a term of imprisonment exceeding one year. After a two day jury trial, Sutton was found guilty of the crime charged in Count III and was acquitted of the crimes charged in Counts I and II.[1]

The evidence at trial established that Sutton was a prior convicted felon. Sutton lived with his father, Clarence Sutton. Clarence Sutton died on February 14, 2006. Clarence Sutton owned a number of firearms and on the day of his funeral, February 17, 2006, Gary Sutton asked family friend Donald Provance to remove the firearms and take them to the house of Gary Sutton's aunt, Edith Kimes. Fourteen firearms and one pistol were removed from the house by Provance and taken to Kimes' house. Approximately two weeks later, Sutton asked Provance to retrieve the firearms from Kimes' house. Sutton told Provance he could keep any firearms he liked, but to bring the remaining firearms back to Sutton's house. Provance kept five firearms and brought the remaining nine firearms to Sutton's house.

Gary Sutton later hired James DeClue to move a mobile home from Clarence Sutton's business to Sutton's home. In consideration for moving the mobile home, Sutton offered to trade DeClue his choice of the firearms that had been returned to Sutton's house in exchange for reducing the moving charge. DeClue viewed the firearms in a bedroom in Sutton's house. DeClue took one firearm. In order to further reduce the moving charge, Sutton arranged for DeClue to view the five firearms Provance had previously taken for himself. DeClue viewed the five firearms at Provance's daughter's house with Sutton present. DeClue selected a second firearm.

---

[1]Case No. 1:06CR52 RWS.

The Bureau of Alcohol, Tobacco & Firearms ("ATF") started an investigation into Sutton's possession of firearms after being contacted by the Wayne County Sheriff's Department. ATF agents interviewed Gary Sutton's nephew, Hunter Sutton, who told the agents that Gary Sutton was in possession of firearms. Based upon this information, ATF agents obtained a search warrant for Sutton's house. Upon executing the search warrant on March 30, 2006, ATF agents seized ammunition from Sutton's house. The seized ammunition formed the basis for Count I of the indictment. Sutton was acquitted of this charge.

On the day of the search, Sutton told ATF agents that Donald Provance had removed approximately ten firearms from his residence at Sutton's request. ATF agents seized four firearms from Provance. These firearms formed the basis for Count II of the indictment. Sutton was acquitted of this charge.

On April 6, 2006, ATF agents interviewed James DeClue and seized the two firearms DeClue received from Sutton as payment for moving Clarence's mobile home. These two firearms formed the basis for Count III of the indictment. Sutton was found guilty of this charge.

Sutton filed a pre-trial motion to suppress the ammunition seized during the March 30, 2006 search. Sutton argued the affidavit supporting the search warrant and the execution of the search was defective. The search resulted in the seizure of ammunition from Sutton's home supporting Count I of the indictment. United States Magistrate Judge Lewis Blanton issued his Report and Recommendation, recommending Sutton's motion to suppress be denied. I adopted the Report and Recommendation and denied Sutton's motion to suppress.

Sutton's Presentence Investigation Report ("PSR") established Sutton had previously been convicted for eight felony offenses. Sutton's total offense level was calculated to be a 33 pursuant

to the sentencing guidelines.  He had a criminal history category of IV.  The United States

Attorney filed a Motion for Upward Departure and/or Variance asserting Sutton's criminal history

category was understated as Sutton had five prior violent felonies which did not result in

additional criminal history points.  I granted the United States Attorney's Motion for Upward

Departure finding Sutton's proper criminal history category was VI resulting in a guideline range

of 235 to 293 months incarceration.  On December 14, 2006, I sentenced Sutton to 280 months

imprisonment, to be followed by a five year term of supervised release, and a fine of $22,431.92

with a $100 special assessment.

Sutton appealed his conviction raising two issues:  (1) whether the trial court erred in

admitting into evidence a copy of the Will and Trust of Clerence Sutton, Gary Sutton's father, and

(2) whether his sentence of 280 months was reasonable.  The United States Court of Appeals for

the Eighth Circuit affirmed.  <u>United States v. Sutton</u>, 226 Fed. Appx. 638 (8th Cir. 2007).

Sutton now challenges his trial counsel's performance and asserts various constitutional

violations under 28 U.S.C. § 2255.

II.     **Grounds for relief**

In his § 2255 motion, Sutton alleges the following grounds for relief:

1. He was denied effective assistance of counsel in violation of the Sixth Amendment

when his trial counsel failed to:

a. Investigate his criminal history and object to the trial court's consideration of

two vacated sentences at his sentencing hearing;

b. Interview witnesses in preparation for the suppression hearing and call Hunter

Sutton as a witness at the suppression hearing;

-4-

c. Interview witnesses for trial;

d. Communicate a plea offer;

e. Object to Jury Instruction Number 10;

f. Appeal the plain error of Jury Instruction Number 10;

g. Timely file a writ of certiorari with the United States Supreme Court;

h. Correct error in net worth calculation in Presentence Report;

2. His due process rights under the Fifth Amendment were violated when:

a. Vacated sentences were used to enhance his sentence;

b. The fine imposed was based on an error in his net worth calculation;

c. The United States Attorney used false testimony at trial;

3. His possession of a firearm did not affect interstate commerce;

4. His Second Amendment right to bear arms was violated; and

5. His Sixth Amendment right to a jury determination of the facts was violated regarding the following findings:

a. Sutton's possession of the firearms affected interstate commerce;

b. The number of firearms involved in determining his sentence; and

c. His status as an Armed Career Criminal.

**III.    Analysis**

A.       Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution establishes the right of the criminally accused to have the assistance of counsel in his defense.  The United States Supreme Court has further recognized "the right to counsel is the right to the effective assistance of

counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)). In order for a convicted defendant to prove his counsel was ineffective, the defendant must first show counsel's performance was deficient. Id. at 687. This showing of deficiency requires that the "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. The defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Id. 688. Judicial scrutiny of an attorney's performance must be highly deferential, and thus, the courts should employ a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Id. at 689.

Second, in order to prove ineffective assistance of counsel, a defendant must show prejudice as a result of counsel's ineffectiveness. Id. at 687. A defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; Rogers v. United States, 1 F.3d 697, 700 (8th Cir. 1993). Counsel is not ineffective for failing to make a meritless argument. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

Where a defendant raises multiple claims of ineffective assistance, each claim must be examined independently rather than collectively. Hall v. Luebbers, 296 F.3d 385, 692-693 (8th Cir. 2002).

a.    Investigation of Criminal History

Sutton argues his attorney was ineffective for failing to investigate his criminal history and failing to determine that two of Sutton's prior convictions were vacated and should not have been considered when determining Sutton's Armed Career Criminal status. Sutton also argues counsel

was ineffective for failing to object to the allegedly vacated convictions being considered under the Armed Career Criminal Act.

Sutton's claim that his Iron County convictions for armed robbery and first degree assault were vacated by the Circuit Court of Iron County, Missouri is not supported by the record. Sutton was convicted of First Degree Assault in Case Number CR682-140FX on January 14, 1983 and was sentenced to 10 years imprisonment. At sentencing, the execution of Sutton's 10 year sentence was *suspended* and it was ordered that Sutton was to be placed on five years probation after he was released from prison for another offense. On November 16, 1989, a revocation hearing was held and it was determined that Sutton violated his probation. Also on that date, the suspended execution of Sutton's sentence was vacated and the 10 year imprisonment sentence was imposed. Then on July 30, 1990, the *sentence* entered on November 16, 1989 after the probation revocation hearing was vacated. The Judge entering the order specifically indicate that the *sentence* entered on November 16, 1989 was vacated, not Sutton's *conviction*. The records clearly demonstrate that Sutton's sentence in Case Number CR682-140FX for First Degree Assault was suspended, the sentence was then imposed after a revocation hearing, and later the imposition of *sentence* was vacated. Sutton's *conviction* in CR682-140FX for First Degree Assault was not vacated.

Sutton was convicted of another First Degree Assault when he entered a guilty plea in Case Number CR682-141FX on January 14, 1983. Sutton was sentenced to be confined for a period of six years. Sutton's conviction in CR682-141FX for First Degree Assault was not vacated.

Finally, Sutton was convicted of First Degree Robbery on January 14, 1983 in Case Number CR682-142FX. Sutton was sentenced to be confined for a period of 10 years. On that same date, the Court ordered that the execution of the sentence be *suspended*, that Sutton be placed on five years of probation upon Sutton's completion of probation entered in another criminal case. While Sutton's *sentence* was suspended, his conviction was not vacated.

Sutton's claim that his counsel was ineffective for failing to discover these convictions were vacated is without merit because the convictions were not vacated. As a result, any argument by Sutton's counsel that two of his convictions were vacated would have been meritless. Counsel is not ineffective for failing to assert a meritless argument, Rodriguez, 17 F.3d at 226, and, as a result, Sutton's claim fails.

> b.      Witness Interviews and Suppression Hearing

Sutton argues his counsel was ineffective for failing to interview Hunter Sutton in preparation for the suppression hearing and for failing to call Hunter Sutton as a witness at the suppression hearing. Sutton argues his counsel was also ineffective for failing to interview James DeClue and Donnie Provance in preparation for the suppression hearing.

ATF agents conducted an interview of Hunter Sutton, Gary Sutton's nephew. Based upon Hunter's statement to ATF agents that Sutton was in possession of firearms, the ATF agents obtained a warrant to search Sutton's house. When the search warrant was executed on March 30, 2006, ammunition was seized. The seized ammunition was the basis for Count I of Sutton's indictment. Sutton was ultimately acquitted of this charge.

Sutton filed a motion to suppress the evidence seized during the March 30, 2006 search. The United States Magistrate Judge issued a Report and Recommendation that the motion to suppress be denied,. I adopted the Magistrate Judge's Report and Recommendation.

Sutton claims that if counsel had interviewed Hunter, counsel would have discovered that the statement attributed to Hunter in the probable cause statement was false and that if counsel had interviewed DeClue and Provance, counsel have learned of the inaccurate statement attributed to Hunter in the search warrant.

Sutton's claim fails because he is unable to establish that he was prejudiced by his counsel's alleged ineffectiveness. Hunter's statement to ATF agents resulted in the March 30, 2006 search of Sutton's residence. This search only resulted in the seizure of ammunition which formed the basis for Count I of Sutton's indictment. Sutton was acquitted of Count I. Sutton admits in his reply that "it is true that the [challenged] search warrant did not yield any material from which the jury convicted the Movant." Movant's Reply, Docket No. 45 at 15. As a result, Sutton has failed to establish that he was prejudiced by his counsel's alleged ineffectiveness and the claim fails.

c. Failure to Interview Witnesses for Trial

Sutton argues his counsel was ineffective for failing to interview Melissa Provance, Johnnie Provance, David Provance, and Brittany Henson in preparation for trial. Sutton argues these witnesses could have provided information regarding the return of the firearms to Sutton's home for DeClue view them. Sutton argues these witnesses would have testified at trial that they assisted in removing the firearms from Sutton's home immediately after DeClue saw them and decided to keep the Marlin 30-30 rifle. Sutton argues his counsel's failure to call these witnesses

inaccurately "left the jury with the impression that [Sutton] had maintained the care, custody, and control of the firearms." Sutton argues he would have been acquitted if these witnesses had been called.

A petitioner who files a Section 2255 motion claiming his counsel was ineffective for failing to interview witnesses fails to show prejudice if he does not provide more than speculation regarding how the witness may have testified. <u>Sanders</u>, 875 F.2d at 210.

Sutton has not provided affidavits from Melissa Provance, Johnnie Provance, or David Provance as to what they would have allegedly said had they been interviewed or called to testify at trial. <u>See</u> <u>Reply to Government's Answer</u>, Docket No. 1:08CV175RWS 45 at 99. As a result, his claims regarding these potential witnesses fail.

In his Reply, Sutton argues for the first time that his counsel was ineffective for failing to interview Brittany Henson and James DeClue. Sutton filed an affidavit from Henson with his Reply. Docket No. 45 at 103. Sutton argues that if Henson had been interviewed, counsel would have "learned that it was not Donnie Provance who brought the firearms by for Jim DeClue to examine, but Melissa Provance and her two [teenaged] sons." Sutton argues the jury was improperly left with the impression that the firearms were left at his house overnight. Sutton argues in his Reply that his counsel was also ineffective for failing to interview Jim DeClue. Sutton argues if DeClue had been interviewed, his counsel could have determined who was present in Sutton's house at the time DeClue inspected the firearms.

Henson's affidavit indicates she observed Melissa, Johnnie, and David Provance bring the firearms to Sutton's house, observed DeClue select a firearm, and observed Johnnie and David remove the remaining firearms from Sutton's house. Henson Aff., Docket No. 45 at 111.

DeClue's affidavit indicates Henson, Melissa, David and Johnny Provance, and another male were present at the time DeClue was at Sutton's home on March 13, 2006. DeClue Aff., Docket No. 45 at 108. DeClue goes on to indicate that after he received a call from Sutton he went to Megan Provance's house to meet Donnie Provance and Sutton to view additional firearms. Id. at 109. DeClue further indicates Sutton did not physically touch the firearms in his presence. Id.

> [F]ailing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel. This does not automatically lead to a conclusion that counsel was ineffective however, because even if we assume that counsel's failure to interview [a witness] did not meet an objective standard of conduct, [the movant] still needs to make a substantial showing that, but for counsel's failure to interview the witness in question, there is a reasonable probability that the result of his trial would have been different.

United States v. Vazquez-Garcia, 211 Fed. Appx. 544, 546 (8th Cir. 2007) (internal citations and quotations omitted).

Assuming, without deciding that counsel's failure to interview these witnesses constituted ineffective assistance of counsel, Sutton's claim fails because he has failed to make a substantial showing that but for counsel's failure to interview these witnesses, there is a reasonable probability the result of his trial would have been different. Id. The United States Attorney's primary argument at trial was that Sutton constructively possessed the firearms in question by exercising dominion and control over the firearms. The United States Attorney's case did not rely on who delivered the firearms, but that Sutton constructively possessed the firearms by exercising dominion and control over them by directing their movements and trading the firearms for services. Trial Tr. vol. II at 23:16-24:24.

Sutton has not made a substantial showing of how Melissa Provance and her sons returning the firearms to his house rather than Donnie Provance would result in the jury finding he did not constructively possess the firearms. There is no prejudice because Sutton has failed to make a substantial showing the results of the proceedings would have been different had Sutton's counsel interviewed Brittany Henson or James DeClue. As a result, Sutton's claim fails.

        d.     Failure to Communicate a Plea Offer

Sutton argues his initial counsel was ineffective for failing to communicate a plea offer made by the United States Attorney.

Sutton does not present any evidence that the United States Attorney offered Sutton a plea offer or communicated any such offer to counsel. Furthermore, in order to establish prejudice for failing to communicate a plea offer, a defendant must show he would have accepted an offer had it been communicated to him. <u>McNeil v. United States</u>, 63 Fed. Appx. 963, 964 (8th Cir. 2003). The record does not contain any evidence Sutton would have entered a guilty plea. Sutton has repeatedly maintained his innocence both at his sentencing hearing after he was found guilty at trial and again in his affidavit filed in support of this Section 2255 motion. (Sent. Hr'g Tr. at 45:16-46:12, 50:4-51:3) ("I honestly full heartily thought I was doing the right thing;" "they got me in jail for something, you know, that I thought I was doing right;" "I don't think I'm doing anything wrong. I never possessed anything, Your Honor;" and "I ain't done nothing wrong. And I feel that to this day and I always will the rest of my life."); (Sutton Aff. ¶ 4) ("I believed that I was innocent of the charges in that I had done everything in my power to avoid any possession of firearms. I continue to believe that to this day."). Sutton does not indicate in his Motion that he would have accepted the alleged plea offer had it been communicated to him. As a result,

Sutton's claim fails because he fails to establish a plea offer was actually made or that he would have accepted had the alleged offer been communicated to him.

        e.      Failure Concerning Jury Instruction Number 10

Sutton argues his counsel was ineffective for failing to object to Jury Instruction Number 10 as given to the jury.

Sutton argues Jury Instruction Number 10 violated his Sixth Amendment right to a jury determination of the elements of the crime charged because the instruction did not allow the jury to decide if the United States Attorney met his burden on whether Sutton's possession of the firearm affected interstate commerce. Sutton argues his counsel was ineffective for failing to object to the instruction during trial and was ineffective for failing to raise the issue on appeal.

Jury Instruction Number 10 states:

The crime of being a convicted felon in possession of firearms, as charged in Count III of the indictment, has three essential elements, which are:

One, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

Two, the defendant thereafter knowingly possessed either: a Marlin, .30-30 caliber rifle, bearing serial number 20146329; or a Savage, .22-250 caliber bolt action rifle, bearing serial number F033484; and

Three, the firearm was transported across a state line at some time prior to defendant's possession of it.

You are instructed that the Government and the defendant have stipulated, that is, agreed, that the defendant has been convicted of a crime punishable by imprisonment for more than one year under the laws of the State of Missouri, and you must consider the first essential element as proven.

-13-

You are instructed that the Government and the defendant have stipulated, that is, agreed, that the firearms in question were manufactured in a state other than Missouri, and transported across a state line at some time prior to the date mentioned in the indictment, and *you must consider the third essential element as proven.*

Trial Tr. vol. II at 17:3-17:23 (emphasis added).

When a defendant stipulates an element of the crime charged, the defendant waives the right to a jury determination on that issue. United States v. Poulack, 236 F.3d 932, 938 (8th Cir. 2001). The United States Court of Appeals for the Eighth Circuit has repeatedly held that a stipulation that a firearm was manufactured out of state and was transported across state lines prior to the defendant's possession of it is sufficient to satisfy Section 922(g). United States v. Perry, 548 F.3d 688, 693 (8th Cir. 2008). Sutton stipulated that the firearms in question were manufactured outside of Missouri, satisfying the third element of the crime. As a result, Sutton's Sixth Amendment right to a jury determination of every element of the charged crime was not violated. Sutton's counsel was not ineffective for failing to raise an argument at trial or on appeal that Instruction 10 violated Sutton's Sixth Amendment rights because such an argument would have been meritless. Rodriguez, 17 F.3d at 226. As a result, Sutton's argument on these claims fail.

Sutton asserts another ineffective assistance of counsel claim based on counsel's failure to object to Jury Instruction 10. Sutton essentially argues that the crime he was indicted of was different than the crime for which he was found guilty. Sutton argues he was indicted for possessing firearms "in or affecting interstate commerce" but the jury was instructed that the third element of his crime was to find "the firearm was transported across a state line at some time prior to defendant's possession of it."

-14-

Sutton's argument is without merit. To convict a person under §922(g)(1), the United States Attorney must prove the following beyond a reasonable doubt: (1) the defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed a firearm; and (3) the firearm has been in or has affected interstate commerce. United States v. Maxwell, 363 F.3d 815, 818 (8th Cir.2004). In order to prove possession of a firearm "was in or affected interstate commerce, the government need only present evidence that the firearm had been, at some time, in interstate commerce." United States v. Washington, 17 F.3d 230, 233 (8th Cir. 1994).

Element three was satisfied by Sutton's stipulation that "the firearms in question were manufactured in a state other than Missouri, and transported across a state line at some time prior to the date mentioned in the indictment." Trial Tr. Vol. 2 at 17:18-17:23. As a result, there was no variance between the crime Sutton was indicted of and the crime for which he was found guilty. Any objection by his counsel during trial or on appeal based upon Sutton's argument would have been meritless. Because counsel is not ineffective for failing to make a meritless argument, Rodriguez, 17 F.3d at 226, Sutton's claim fails.

   f.  Failure to File Timely Writ of Certiorari

Sutton argues he was denied effective assistance of counsel because his counsel failed to file a writ of certiorari with the United States Supreme Court after his conviction was affirmed by the United States Court of Appeals for the Eighth Circuit.

"[T]he right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). "Due process does not...guarantee a

constitutional right to counsel for a litigant seeking to file a certiorari petition in the United States Supreme Court." Steele v. United States, 518 F.3d 986, 988 (8th Cir. 2008).

Because Sutton did not have a constitutional right to counsel after his first appeal, he was not deprived of effective assistance of counsel by his counsel's failure to file a writ of certiorari in the United States Supreme Court. As a result, Sutton's claim fails.

g.      Failure to Correct Error in Net Worth Calculation

Sutton argues his counsel was ineffective for failing to object to the valuation of one of his assets in Sutton's presentence report. The report attributed a value of $130,000 to a house in which Sutton argues he only owned a life estate that later sold at auction for $25,000.

Section 2255 "affords relief only to prisoners claiming a right to be released from custody." United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003). Sutton's claim fails because he cannot show that his counsel's alleged ineffectiveness regarding the fine prejudiced Sutton's custody.

B.      Failure to Raise Claims on Appeal

Sutton's eight remaining claims were not raised on direct appeal. A petitioner who raises claims, except for ineffective assistance of counsel claims, for the first time in a Section 2255 motion must show cause and prejudice excusing his procedural default. United States v. Collier, 585 F.3d 1093, 1097 (8th Cir. 2009). Sutton cannot demonstrate prejudice because these remaining claims are meritless.

a.      Fifth Amendment Due Process

Sutton alleges several violations of his rights under the Fifth Amendment Due Process Clause.

First, Sutton argues I violated his right to due process under the Fifth Amendment by relying on incorrect information in his Presentence Investigation Report. Sutton alleges this reliance resulted in my incorrectly finding him eligible for an enhanced sentence under the Armed Career Criminal Act. Sutton argues I improperly considered two felonies convictions which had been vacated in assessing his armed career criminal status. As discussed extensively above, none of the felonies Sutton points to were vacated. Convictions are considered for purposes of the Armed Career Criminal Act if the crime is "*punishable* by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B) (emphasis added). Because the convictions were not vacated and were punishable by imprisonment for a term exceeding one year, I properly considered them when determining Sutton's armed career criminal status.

Sutton also argues that I should not have used a prior conviction as a basis to enhance Sutton's sentence because it was obtained without the assistance of counsel. Sutton alleges his Second Degree Burglary conviction in Wayne County, Missouri was obtained without counsel.

An uncounseled conviction cannot be used to enhance the sentence for another offense. See Tucker v. United States, 404 U.S. 443 (1972). A defendant has the burden of establishing by a preponderance of the evidence that his prior conviction was obtained without counsel and thus constitutionally invalid. United States v. Reyes-Solano, 543 F.3d 474, 478 (8th Cir. 2008).

The record refutes Sutton's claim that he was not represented by counsel when he was convicted of Second Degree Burglary in Wayne County, Missouri. Sutton was represented by Donald Wolff and that his counsel appeared when Sutton entered his plea and when he was sentenced. Certified Copy of Sentence and Judgment, Docket No. 13-2. As a result, Sutton's claim fails because he has not established by a preponderance of the evidence that he was not

represented by counsel when he was convicted of Second Degree Burglary Conviction in Wayne County, Missouri.

Sutton next argues three of the convictions considered when assessing his status under the Armed Career Criminal Act should have only been counted once because they arose out of a single event. Section 924(e) enhances the punishment of a felon in possession of a firearm if the defendant has at least three prior felony convictions for violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e).

Sutton argues his conviction for First Degree Robbery in Iron County, Missouri (Docket No. CR682-142FX) and his two convictions for First Degree Assault in Iron County, Missouri (Docket Numbers CR682-140FX and CR682-141FX) ("Iron County Convictions") were part of the same occasion and, as a result, cannot be counted as three separate violent felonies under the ACCA. Even if Sutton's claim that these crimes should only count as one violent felony under the ACCA, Sutton would still be eligible to be sentenced as an armed career criminal under Section 924(e) because he has at least two other violent felony convictions.

 "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year...that has as an element the use, attempted use, or threatened use of physical force against the person of another; or is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

Sutton's prior conviction of burglary in Wayne County, Missouri (Docket No. CR1082-393FX) and second degree murder in Butler County, Missouri (Docket No. CR194-4F) qualify as violent felonies under the ACCA. These convictions, in conjunction with the Iron County

Convictions, even if the Iron County Convictions are considered a single violent felony, satisfy the required three prior violent felonies for Sutton to be sentenced as an armed career criminal. As a result, Sutton's argument on this claim fails.

Next, Sutton reasserts his earlier argument that his presentence report included inaccurate information. Sutton argues I violated his right to due process under the Fifth Amendment by relying on inaccurate information in Sutton's presentence report when determining the fine assessed against him.

Sutton does not properly assert a claim to challenge the fine assessed against him in this Section 2255 petition. Section 2255 "affords relief only to prisoners claiming a right to be released from custody." Bernard, 351 F.3d at 361. A challenge to a fine is not cognizable under Section 2255. U.S. v. Chacon-Vega, 262 Fed.Appx. 730 (8th Cir. 2008). As a result, I will deny this claim.

Sutton goes on to argue argues his Fifth Amendment due process rights were violated when the United States Attorney knowingly used false testimony during his trial. Sutton argues Special Agent David Dively's gave untruthful testimony during the trial and that the Assistant United States Attorney knew or should have known Dively's statements were incorrect. Sutton alleges Dively falsely testified that he did not ask Sutton where the firearms were located.

"[T]he government may not deliberately present false evidence at trial or allow it to go uncorrected." United States v. Bass, 478 F.3d 948, 950-51 (8th Cir. 2007). "To establish a due process violation based on the prosecutorial use of false testimony, a defendant must show that (1) the prosecution used perjured testimony; (2) the prosecution should have known or actually

knew of the perjury; and (3) there was a reasonable likelihood that the perjured testimony could have affected the jury's verdict." Id. at 951.

Sutton's claim fails because he provides no evidence, other than his own bare assertion, that Dively's testimony was false and that the Assistant United States Attorney knew of the falsity. Sutton's bare assertion that Dively's testimony was false, without more, is insufficient to establish a due process violation based on the prosecutorial use of false testimony. Furthermore, Sutton does not present a persuasive argument that there is a reasonable likelihood the jury's verdict was affected by the allegedly false testimony. As a result, Sutton's claim fails.

Finally, Sutton argues his Fifth Amendment right to only be tried on the offense he was indicted of was violated. In doing so, Sutton reasserts his unpersuasive argument that he was indicted of a different crime than the crime for which he was found guilty. Sutton argues he was indicted for "possession of firearms in and affecting interstate commerce" but at trial it was proven he "received firearms which had previously been transported in interstate commerce."

As discussed above, to convict a person under §922(g)(1), the United States Attorney must prove the following beyond a reasonable doubt: (1) the defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed a firearm; and (3) the firearm has been in or has affected interstate commerce. Maxwell, 363 F.3d at 818. In order to prove possession of a firearm "was in or affected interstate commerce, the government need only present evidence that the firearm had been, at some time, interstate commerce." Washington,17 F.3d at 233. This element was satisfied by Sutton's stipulation that "the firearms in question were manufactured in a state other

than Missouri, and transported across a state line at some time prior to the date mentioned in the indictment." Trial Tr. Vol. 2 at 17:18-17:23. As a result, Sutton's claim fails.

b.  Second Amendment Right to Bear Arms

Sutton argues his Second Amendment right to bear arms was violated by his conviction under 18 U.S.C. § 922(g)(1). The Second Amendment provides "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. Amend. II. The United States Supreme Court in <u>Heller</u> announced the Second Amendment is an individual right unconnected to service in the militia. <u>District of Columbia v. Heller</u>, 554 U.S. 570, 634-36 (2009). In dicta, the United States Supreme Court emphasized the decision "should not be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." <u>Id</u>. at 626.

Following <u>Heller</u>, defendants have not successfully argued Section 922(g) violates the Second Amendment. The Eight Circuit has held Section 922(g) is valid and constitutional after <u>Heller</u> and does not violate the Second Amendment right to bear arms of felons. <u>United States v. Seay</u>, 620 F.3d 919, 925 (8th Cir. 2010) (§ 922(g)(3)); <u>United States v. Irish</u>, 285 Fed. Appx. 326, 327 (8th Cir. 2008) (§ 922(g)(1)). As a result, Sutton's claim that his conviction under 18 U.S.C. § 922(g)(1) violates his Second Amendment right to bear arms fails.

c.  Sixth Amendment Right to Jury Determination of the Facts

The Sixth Amendment guarantees a defendant the opportunity for a jury to decide guilt or innocence. <u>United States v. Voss</u>, 787 F.2d 393, 398 (8th Cir. 1986). This includes the right to have one's guilt determined only upon proof beyond the jury's reasonable doubt of every fact

necessary to constitute the crime charged.  <u>Id</u>.  Sutton claims his Sixth Amendment rights have been violated on three grounds.

i.         Possession of the Firearm Affected Interstate Commerce

Sutton argues his Sixth Amendment rights to a jury determination of the essential elements of the charged crime were violated by Jury Instruction Number 10 because it ended with "you must consider the third element proven."  Sutton alleges this instruction "invades the juries [sic] province when, instead of simply instructing on the law, [the Judge] applies the law to the facts to be determined."  He argues this type of instruction "is tantamount to a directed verdict for the prosecution."

Jury Instruction Number 10 indicated "the Government and the defendant have *stipulated*, that is, agreed, that the firearms in question were manufactured in a state other than Missouri, and transported across a state line."  Trial Tr. vol. II at 17:18-17:21 (emphasis added).  When a defendant stipulates an element of the crime charged, the defendant waives the right to a jury determination on that issue.  <u>United States v. Poulack</u>, 236 F.3d 932, 938 (8th Cir. 2001). The Eighth Circuit has repeatedly held that a stipulation that a firearm was manufactured out of state and was transported across state lines prior to the defendant's possession of it is sufficient to satisfy Section 922(g).  <u>United States v. Perry</u>, 548 F.3d 688, 693 (8th Cir. 2008).  As discussed above, Sutton's stipulation satisfies the third element of the crime charge.  As a result, Sutton's claim fails.

ii.     Number of Firearms in Determining Sentence

Sutton next argues his Sixth Amendment rights were violated because his sentence was enhanced on the basis of facts not found by a jury.  He argues the jury did not find that he had possession of the ten firearms listed in his Presentence Investigation Report.

Sutton's claim fails because his offense level was 33 due to his being an armed career criminal, not as a result of the number of firearms involved in his convicted offense.  Sutton's presentence report indicated because "defendant is subject to an enhance sentence under the provisions of 18 U.S.C. § 924(e)(1), the offense level becomes 33 pursuant to Section 4B1.4(b)(3)(B)." Presentence Investigation Report, Docket No. 82 at 3, ¶26. As a result, Sutton's claim fails.

iii.     Armed Career Criminal Determination

Finally, Sutton argues I violated his Sixth Amendment right to a jury trial when I determined he was an armed career criminal under the ACCA and did not submit that issue for jury determination.  The determination of armed career criminal status is a question of law for the court, not for the jury, and the court's determination of such does not violate a defendant's Sixth Amendment right to a jury trial.  United States v. Jones, 574 F.3d 546, 553-554 (8th Cir. 2009). As a result, Sutton's argument fails.

C.     Request for Evidentiary Hearing

Generally, 28 U.S.C. § 2255 entitles movants to a hearing on the merits of their petition. However, there is a well established exception to this rule when the files and records of the case conclusively show the petitioner is not entitled to relief.  Hodges v. United States, 368 U.S. 139,

140 (1961); <u>Cheek v. United States</u>, 858 F.2d 1330, 1333 (8th Cir. 1988). As the record in this case conclusively establishes Sutton is not entitled to relief, his request for a hearing is denied.

## IV.    Certificate of Appealability

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. <u>See</u> <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997). A substantial showing requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." <u>Id</u>. For the reasons above I find Sutton has not made such a showing. As a result, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Gary E. Sutton to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Sutton has not made a substantial showing of the denial of a federal constitutional right.


A separate Judgement in accordance with this Memorandum and Order is entered this same date.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2012.